

FILED

AUG 19 2019

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Victor Charles Fourstar, Jr., )
)
    Plaintiff, )
)
v. )   Civil Action No. 18-966 (UNA)
)
)
Garden City Group, Inc. *et. al.*, )
)
    Defendants. )

**<u>MEMORANDUM OPINION</u>**

Plaintiff Victor Charles Fourstar, Jr. is a prisoner currently incarcerated at the Cascade Detention Facility in Great Falls, Montana. He has filed a First Amended Complaint, ECF No. 14, on behalf of himself and three prisoners who at the time of the filing were all at the Federal Detention Center in Sheridan, Oregon. *See* Am. Compl. at 2. According to Fourstar, "this is a proposed representative class action" where he is "the lead plaintiff and requested class-representative[.]" Compl. at 4 (citing Fed. R. Civ. P. 23(a)(4)). The proposed class includes "all Native Americans of Indian reservations within the State of Montana . . . ." *Id.* The complaint is brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and the Administrative Procedure Act ("APA"), *see* Compl. Caption, but appears to stem from "nearly two decades of litigation arising out of the Department of the Interior's misadministration of Native American trust accounts and an ensuing complex, nationwide litigation and settlement." *Cobell v. Jewell*, 802 F.3d 12, 15 (D.C. Cir. 2015). In addition to *Bivens* and the APA, plaintiff has invoked the Claims Resolution Act of 2010, which "authorized, ratified, and confirmed the parties' comprehensive Settlement Agreement resolving the class action litigation," *Cobell*, 802

1

F.3d at 16, and the 1868 Fort Laramie Treaty, which, among other things, "established a reservation for the Crow Tribe," *Montana v. United States*, 450 U.S. 544, 558 (1981). *See* Compl. Caption.

"In all courts of the United States the parties may plead and conduct their own cases personally or by [licensed] counsel[.]" 28 U.S.C. § 1654. From all indications, Fourstar is not a licensed attorney, and a lay person "may appear [in federal court] *pro se* but is not qualified to appear . . . as counsel for others." *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984). The D.C. Circuit has made clear, moreover, that "a *pro se* litigant who is not trained as a lawyer is simply not an adequate class representative." *DeBrew v. Atwood*, 792 F.3d 118, 132 (D.C. Cir. 2015); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.* 274 F. Supp. 2d 10, 15-16 (D.D.C. 2003) (examining cases).

For the foregoing reasons, the Court deems this action brought only by Fourstar. As a *pro se* litigant, Fourstar must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). Additionally, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). It also assists the court in determining whether it has jurisdiction over the subject matter.

The Amended Complaint is far from clear, particularly as to any claims pertaining solely to Fourstar. Therefore, the Court will dismiss that complaint without prejudice and with leave for Fourstar to plead only his claims in accordance with Rule 8(a) and (d)(1). A separate order accompanies this Memorandum Opinion.

Date: August 15, 2019

United States District Judge