UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 17 2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| VICTOR CHARLES FOURSTAR, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-00966 (UNA) |
| ) | |
| GARDEN CITY GROUP, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiff Victor Charles Fourstar, Jr., proceeding *pro se* and *in forma pauperis*, is a prisoner currently incarcerated at the Englewood Federal Correctional Facility, located in Littleton, Colorado. *See* Second Amended Complaint ("Am. Compl. II"), ECF No. 2, at 1. He initiated this matter on April 24, 2018. *See generally* Complaint, ECF No. 1. On June 14, 2018, the court noted that another matter filed by plaintiff, Misc. No. 15-76, had been administratively closed, and therefore, plaintiff was granted an extension and provided with an opportunity to file an amended complaint in this matter in an effort to consolidate and clarify his intended claims. *See* Order, ECF No. 5.

By March 29, 2019, no amended complaint had been filed and the deadline had long-elapsed, therefore, the case was dismissed without prejudice. *See* Ord., ECF No. 9. On May 3, 2019, plaintiff filed a motion to reopen, ECF No. 10, which was granted on May 7, 2019, ECF No. 11. Plaintiff was again provided 45 days to file a proper amended complaint. *See id.*

Plaintiff filed a first amended complaint, ECF No. 14, on July 1, 2019. On August 19, 2019, the court reviewed the pleading, and found several noted deficiencies, including plaintiff's incompliance with Federal Rule 8 and his misplaced intention to bring this matter as a class-action.

*See* Memorandum Opinion, ECF No. 17, and Order, ECF No. 18.  The court dismissed the first amended complaint and provided plaintiff with another opportunity to file an amended pleading within 30 days.  *See id*.  Over the course of the next two years, plaintiff filed, and/or attempted to file, a flurry of motions, *see, e.g.*, ECF Nos. 12, 19, 21, 22, 25, and was granted additional extensions to file an amended pleading, *see* ECF Nos. 26, 28, 31, and Apr. 21, 2021 Minute Order.  On July 26, 2021, plaintiff filed the operative second amended complaint.  He has failed, however, to correct the noted deficiencies, despite multiple opportunities to do so.

The second amended complaint lists 17 myriad defendants, approximately half of which are unidentified.  *See* Am. Compl. II at 1, 3–7.  The Local Rules of this Court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party."  LCvR 5.1(c)(1).  He then broadly alleges that defendants have interfered with his rights under several constitutional amendments and treaties.  *See* Am. Compl. II at 1, 8.

Plaintiff alleges that unspecified defendants have conspired against him to commit fraud resulting in an unfavorable outcome rendered by the United States Court of Appeals for the District of Columbia Circuit.  *See id*. at 8.  He then incongruently alleges that some of the defendants "intentionally and willfully conspired to conceal fraud in the administration of the Moderna vaccine, and DTP vaccine, causing Plaintiff to suffer severe physical pain and mental anguish to Fourstar[.]"  *Id.*  Next, he alleges that some of the defendants "willfully conspired to conceal fraud with unknown Fort Peck Community College Financial Aid Administration – for to deny Cobell Scholarship in abuse of discretion[.]"  *Id.*  Finally, he vaguely challenges indefinite determinations of the Department of Housing and Urban Development and of the Social Security Administration.  *See id*. at 9.  It is unclear how these allegations or any of the defendants relate to one another,

aside from plaintiff's belief in a wide-scale and overarching conspiracy against him. He demands damages, injunctive and declaratory relief, and once again, asks the court to designate him as a class-action representative. *Id.* at 8. As to the latter, the court reiterates once again that a *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984).

Though plaintiff has already been notified, the court again notes that Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a "complaint [] contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The second amended complaint falls within this category. And the claims as pled, fail to provide any notice of a claim or any basis for either federal jurisdiction, venue in the District, or personal jurisdiction over many of the defendants.

Furthermore, this court generally lacks subject matter jurisdiction to intervene in the determinations of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not

order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

For all of these reasons, this case is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:  August 17, 2021                    /s/_____
                                              EMMET G. SULLIVAN
                                              United States District Judge